UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMY MYERS, | ) |
| | ) Cause No. 1:20-cv-00290 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADAMS COUNTY SHERIFF'S OFFICE, | ) |
| DEPUTY PIPER, and DEPUTY BUTLER, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**COMES NOW**, Plaintiff Jeremy Myers, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of Defendants Adams County Sheriff's Office, Deputy Piper, and Deputy Butler and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the location of the Defendants are in Adams County, Indiana, within the Northern District of Indiana.

**THE PARTIES**

3. Jeremy Myers ("Myers") is an individual and currently resides in Adams County, Indiana.

4. Defendant Adams County Sheriff's Office (hereinafter "ACSO") is a municipal government entity and law enforcement agency located in Adams County, Indiana.

5. ACSO manages and operates the Adams County Jail.

6. At all relevant times, Defendant Deputy Piper (hereinafter "Piper") was an employee of ACSO and was acting within the scope of this employment with ACSO and under the color of state law as a deputy.

7. At all relevant times, Defendant Deputy Butler (hereinafter "Butler") was an employee of ACSO and was acting within the scope of this employment with ACSO and under the color of state law as a Deputy

8. All Defendants may collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

9. Myers suffered a traumatic brain injury in July 2014.

10. Since his traumatic brain injury, Myers has had a variety of serious mental health issues for which he requires behavioral health counseling as well as medication.

11. On September 25, 2018, ACSO deputies, including, but not limited to, Piper and Butler came to Myers' property in response to an alleged misuse of a 911 call.

12. Due to Myers' mental health issues, the situation between the ACSO deputies and Myers required behavioral health intervention.

13. When the ACSO deputies arrived at the scene, Myers was driving a tractor.

14. While driving the tractor, Myers was not interfering with anyone or causing any danger to anyone.

15. Instead of using the necessary behavioral health interventions, the ACSO deputies, including, but not limited to, Piper and Butler, escalated the situation by using excessive force against Myers, which exacerbated Myers' mental health problems.

16. Piper jumped onto the driver side of the tractor and Butler jumped onto the passenger side while Myers was driving the tractor.

17. Piper and Butler then tased Myers multiple times while Myers was driving the tractor and forcibly pulled Myers off of the tractor.

18. Myers was then arrested and transported to the Adams County Jail where he was put on segregation/lockdown for 23 hours at a time for 72 days, which further deteriorated Myers' mental health.

19. As a result of Piper and Butler's excessive force, Myers has suffered damages, including, but not limited to, physical harm and emotional distress.

20. Myers has also suffered damages, including, but not limited to, physical harm and emotional distress as a result of be placed in segregation/lockdown at the Adams County Jail for 23 hours at a time for 72 days.

21. On March 12, 2019, Myers timely served his Tort Claim Notice on Defendants.

## COUNT 1: BATTERY

(ACSO)

22. Myers incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Myers is entitled to relief. Fed. R. Civ. P. 8(a)(2).

23. Piper and Butler intentionally touched Myers's body in a harmful and offensive manner and repeatedly tased him, without consent or initiation by Myers.

24. Piper and Butler's actions against Myers constituted battery.

25. At all relevant times, Piper and Butler were acting within the scope of their employment with ACSO.

26. The result of Defendants' actions included physical, mental, and emotional harm and distress to Myers.

## COUNT 2: FOURTEENTH AMENDMENT – VIOLATION OF DUE PROCESS CLAUSE

(ACSO in its official capacity and Piper and Butler in their individual capacities)

27. Myers incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Myers is entitled to relief. Fed. R. Civ. P. 8(a)(2).

28. Defendants' actions and omissions gave rise to violations of Myers's Constitutional Equal Protection Clause rights as a United States citizen.

29. Myers was subjected to disparate and discriminatory treatment when Piper and Butler committed acts that constituted excessive force at the time of Myers' arrest.

30. Myers was subjected to disparate and discriminatory treatment when Piper and Butler physically attacked him and repeatedly tased him.

31. Myers was subjected to additional disparate and discriminatory treatment when he was put on segregation/lockdown for 23 hours at a time for 72 days, which further deteriorated his mental health.

32. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourteenth Amendment rights of innocent persons.

## COUNT 3: FOURTEENTH AMENDMENT – EXCESSIVE FORCE

(ACSO in its official capacity and Piper and Butler in their individual capacities)

33. Myers incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual

allegations section, pleaded with sufficient factual matter, which demonstrates the Myers is entitled to relief. Fed. R. Civ. P. 8(a)(2).

34. Under the Fourteenth Amended to the United States Constitution, Myers is entitled to be free from the unreasonable use of force by law enforcement.

35. Myers' rights under the Fourteenth Amendment are enforceable under 42 U.S.C. § 1983.

36. Piper and Butler's conduct towards Myers was taken within the scope of their employment with ACSO.

37. Piper and Butler's use of force in attacking Myers and repeatedly tasing him was objectively unreasonable under the circumstances.

38. Defendants knew, or should have known, that Piper and Butler's acts and/or omissions were likely to result in a violation of the Fourteenth Amendment.

39. ACSO's lack of response to, or condemnation of, Piper and Butler's conduct towards Myers objectively unreasonable under the circumstances.

40. As a result of Defendants' actions and/or omissions, Myers has suffered physical and emotional injuries.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(ACSO)

41. Myers incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Myers is entitled to relief. Fed. R. Civ. P. 8(a)(2).

42. Piper and Butler intentionally touched Myers's body in a harmful and offensive manner and repeatedly tased him, without justification or consent or initiation by Myers.

43. Piper and Butlers were acting within the scope of their employment with ACSO when they knowingly and intentionally committed these wrongful actions against Myers.

44. ACSO also intentionally placed Myers in segregation/lockdown for 23 hours at a time for 72 days, which further deteriorated his mental health, without justification.

45. Defendants wrongful acts and/or omissions towards Myers were intentionally done to Myers to cause emotional distress.

46. Defendants actions constituted extreme and outrageous conduct, outside the bounds of decency of modern society, and constitute intentional or reckless sever emotional harm to Myers.

## PRAYER FOR RELIEF

Myers prays that a judgement be entered on his behalf and against the Defendants on all Counts of this Amended Complaint.

## RESERVATION OF RIGHTS

Myers reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Myers respectfully requests this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

**DEMAND FOR JURY TRIAL**

Fisher hereby demands a trial by jury of all issues so triable.

Date: August 13, 2020

                        Respectfully submitted,

                        s/ Andrea L. Ciobanu
                        Andrea L. Ciobanu, #28942-49
                        CIOBANU LAW, P.C.
                        902 E. 66th Street
                        Indianapolis, IN 46220
                        Phone: (317) 495-1090
                        Fax: (866) 841-2071
                        Email: aciobanu@ciobanulaw.com